UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KIMBERLY J. GUEST-MARCOTTE,

     *Plaintiff,*          CASE NO. 1:15-CV-10738

*v.*                   DISTRICT JUDGE THOMAS L. LUDINGTON
                      MAGISTRATE JUDGE PATRICIA T. MORRIS
LIFE INSURANCE COMPANY OF
NORTH AMERICA, METALDYNE
SALARY CONTINUATION PLAN, and
METALDYNE POWERTRAIN
COMPONENTS, INC.,

     *Defendants.*

_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S PARTIAL MOTION TO DISMISS
(Doc. 11)

## I. Recommendation

     For the reasons stated below, I recommend **GRANTING** Defendant's partial

motion to dismiss (Doc. 11.)

## II. Background and Arguments

     Plaintiff has brought suit against Defendants based on a denial of her claim

for short-term disability benefits ("STDs") under the Employee Retirement Income

Security Act ("ERISA") and based on an alleged violation of the Michigan Persons

with Disabilities Civil Rights Act ("PWDCRA").   Defendants'   motion   seeks

dismissal of the PWDCRA claim only. Plaintiff's alleged disability that gives rise to

both claims is based on her diagnosis of Ehlers-Danlos syndrome, a condition that affects the body's connective tissues. (Doc. 18 at ID 216.)

Plaintiff was employed at Defendant Metaldyne Powertrain Co. ("Metaldyne") from July 2005 until November 22, 2013, as a Senior Risk Analyst. (Doc. 1 at ID 4.) Plaintiff was a participant in Metaldyne's Salary Continuation Plan ("Plan") governed by ERISA. Defendant Life Insurance Co. of North America ("LICNA/CIGNA") was the Plan administrator and fiduciary. (*Id.*) Plaintiff alleges that she became unable to continue her normal workload in June of 2013, due to her Ehlers-Danlos syndrome. Plaintiff applied for STDs under the Plan, relying on the testimony of Doctors Kadaj (primary) and Tinkle (expert in Ehlers-Danlos syndrome). (Doc. 1 at ID 5.) Plaintiff's claim was denied by Defendant LICNA/CIGNA in August of 2013, and her appeal was denied in November of 2013. On November 22, 2013, Defendant Metaldyne terminated Plaintiff's employment based on documentation from Dr. Kadaj "which indicated that you remained unable to perform the essential functions of your position with or without a reasonable accommodation," that she was "unlikely to recover fully/sufficiently to perform the functions of your position," and that "the length of any leave would be indefinite in nature and a return to work was uncertain." (Doc. 1, Ex. 8 at ID 55.) Plaintiff notes the irony in the situation: "Metaldyne released her because she was disabled. LICNA/CIGNA denied her claim because she was not disabled, finding that she could perform the essential functions of her position." (Doc. 1 at ID 7.)

Defendants contend that Plaintiff fails to state a claim under the PWDCRA because her admissions under the ERISA claim demonstrate that she is unable to work indefinitely and thus, is not a qualified person with a disability who could work. In addition, Defendants argue that Plaintiff cannot assert any failure-to-accommodate claim under the PWDCRA because she never requested a written accommodation from her employer and since she was unable to work indefinitely, there was no duty to accommodate.

Plaintiff concedes that any failure-to-accommodate claim should be dismissed. (Doc. 18 at ID 216, 221.) However, Plaintiff contends that she has properly stated claims for relief under ERISA and disability discrimination under PWDCRA. Plaintiff argues that since "Defendants have repeatedly found that this condition [Ehlers-Danlos syndrome] does not preclude Plaintiff from performing her job," Defendants are "estopped from now claiming that Plaintiff cannot perform her job."

District Judge Thomas L. Ludington has referred pretrial matters to the undersigned. (Doc. 9.) With briefing concluded, the case is ready for Report.

III.   **Analysis**

 A.   **Motion to Dismiss Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and will be granted if the plaintiffs have failed "to state a claim upon which relief can be granted." "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and

determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id*.

Because the dismissal standard scrutinizes the pleadings, the Federal Rules limit courts' consideration of extraneous materials at this stage. Rule 12(d) provides the operative language: "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The "pleadings" the rule refers to are seven narrow classes of documents defined in Rule 7(a), among which is the complaint. Rule 10(c) states that a written instrument attached to a pleading as exhibits "is a part of the pleading for all purposes." Thus, the Court here can consider the exhibits to Plaintiff's complaint. In addition, the court may consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Since the exhibits attached to Defendants' motion to dismiss consist of a healthcare provider questionnaire

4

and a brief submitted on appeal by Defendant LICNA/CIGNA regarding claimed STDs, they are essential to Plaintiff's ERISA claim and may be considered by the court without converting the motion into one for summary judgment.

### B.   Application

Under the PWDCRA, where there is no direct evidence of disability discrimination, courts apply the familiar burden-shifting test established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). First, a plaintiff must establish a prima facie case of discrimination by showing that: (1) he is disabled as defined by the statute or that the defendant regarded him as disabled; (2) the alleged disability is unrelated to the ability to perform the job; and (3) the plaintiff was discriminated against in one of the ways described by the statute, such as being terminated because of a disability. *Lown v. JJ Eaton Place*, 235 Mich. App. 721, 598 N.W.2d 633, 636 (Mich. Ct. App. 1999). Under the third element, the plaintiff's disability must be a "but for" cause of the adverse employment action, not just a "motivating factor." *Demyanovich v. Cadon Plating & Coatings, LLC*, 747 F.3d 419, 433 (6th Cir. 2014). Once a prima facie case is established, then the defendant must show that an accommodation would impose an undue hardship, and if the defendant is able to do so, then the burden shifts to the plaintiff to show that an accommodation would not impose an undue hardship on the defendant. Mich. Comp. Laws § 37.1210. Under the PWDCRA, a person is disabled where a physical or mental impairment "substantially limits one or more of the major life activities" of the plaintiff. Mich. Comp. Laws § 37.1103(d)(1). "Short-term temporary

5

restrictions on major life activities are generally not disabilities[.]" *Hein v. All American Plywood Co., Inc.*, 232 F.3d 482, 487 (6th Cir. 2000). In addition "[t]he inability to perform a single job does not amount to substantial limitation in the major life activity of working." Instead, a plaintiff "must show, at a minimum, that he is 'unable to work in a broad class of jobs.'" *Jennings v. Monroe County.*, No. 13-13560, 2014 WL 6675277, at *9 (E.D. Mich. Nov. 25, 2014), citing *Lane v. Bell County Bd. Of Ed.*, 72 F. App'x 389, 396 (6th Cir. 2003).

Defendants argue that Plaintiff cannot meet the first element of her prima facie case under PWDCRA because her admissions under the ERISA claim for STDs demonstrate that she is unable to work indefinitely and thus, is not a qualified person with a disability who could work.[1]

There are inherent inconsistencies in Plaintiff's averments. Plaintiff has averred potentially inconsistent claims: (1) she is disabled and unable to work and thus, should have been granted her request for STDs; and (2) she is disabled and able to work and thus, her termination violates the PWDCRA.[2]

---

[1] Defendants also contend that "by failing to respond to Defendants' arguments regarding her binding admissions, Plaintiff has waived any argument that she is a qualified person with a disability[,]" citing *Cheff v. Deutsche Bank Nat'l Trust Co.*, No. 11-15291, 2013 WL 1914316, at *5 (E.D. Mich. May 8, 2013) ("A party waives opposition to a motion if the party fails to respond to arguments raised in the motion."). Since I recommend that Defendants' motion be granted on the merits, I need not consider whether Plaintiff waived any arguments.

[2] I note that Defendant has argued potentially inconsistent defenses: (1) Plaintiff was properly denied STDs because she has not shown that she is unable to work; and (2) Plaintiff has alleged that she was unable to work and thus, could not have been qualified for her position so her termination did not violate the PWDCRA. However, as stated below, this motion tests the legal sufficiency of the Complaint, not the Answer or any defenses raised.

Courts are instructed to look beyond inconsistent averments in pleadings to determine whether specific statements or admissions made in pursuing disability claims prevent a plaintiff from proving a prima facie case of violation of the PWDCRA.[3] The Michigan Court of Appeals in *Kerns v. Dura Mechanical Components, Inc.*, 242 Mich. App. 1, 618 N.W.2d 56, 60 (Mich. App. 2000) explains:

> As the Supreme Court made clear in *Cleveland,* 119 S. Ct. at 1603-04, the mere fact that the statutory standards differ in some aspects does not mean that a prior assertion of permanent and total disability can never preclude a party from bringing a claim under the ADA. *Cleveland* holds simply that where context-related legal conclusions are involved, courts must not apply presumptions automatically without first considering whether the ADA plaintiff can reconcile the two apparently inconsistent statutory claims. There may be cases where, looking at the previous facts and statements by a party, the assertions are such that a party cannot prove that he was a qualified individual because his previous statements take a position that he could not perform the essential functions of the job, with or without accommodation.

Therefore, the court must look beyond the assertion of inconsistent claims and determine whether the Plaintiff has made any statements or admissions that preclude her from proving her prima facie case of disability discrimination under the PWDCRA. *Id.* at 61 (granting summary disposition, finding the plaintiff's statements that he was incapable of standing or walking contradicted his current statements that he could do so); accord *Demyanovich v. Cadon Plating & Coatings, LLC,* 747 F.3d 419, 429 (6th Cir. 2014) (noting that "[n]either application for nor receipt of social security disability benefits is by itself conclusive evidence that an individual is completely incapable of working").

---

[3] The PWDCRA substantially mirrors the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; thus, the same substantive analysis applies. *Backhaus v. General Motors LLC,* 54 F. Supp. 3d 741, (E.D. Mich. 2014).

The statements Defendant rely on are attached to its motion to dismiss: (1) a healthcare provider questionnaire filled out by Dr. Kadaj indicating that Plaintiff's condition is a "lifetime" one, that she is not able to work, that there are no accommodations that would enable her to work, and that it "is unlikely she will recover fully/sufficiently" to return to work (Doc. 11 at ID128-30); and (2) an appellate brief filed by Plaintiff's attorney regarding her request for STDs wherein she argued that the evidence showed she was entitled to STDs based on her doctors' findings that her condition "prevented her from working," and that she was "unable to work," and based on her argument that she "could not perform the material duties of her regular occupation." (Doc. 11 at ID 138, 140, 142, 144-45.)

I suggest that Defendants have pointed to sufficiently undermining statements and admissions by Plaintiff to preclude Plaintiff from proving her prima facie case under the PWDCRA. *See Isotalo v. Kelly Services, Inc.*, 945 F. Supp. 2d 825, 835 (E.D. Mich. 2013) (granting summary judgment on ADEA claim where plaintiff represented, in claim for social security benefits, that he was unable to work); *White v. Standard Insurance Co.*, 895 F. Supp. 2d 817, 835 (E.D. Mich. 2012) (granting summary judgment where plaintiff stated that she was unable to work, admitted that she was unable to complete her work during work hours, and was granted social security benefits); *Belcastro v. Bank One, N.A.*, No. 05-70570, 2006 WL 1155315, at *8 (E.D. Mich. Apr. 28, 2006) (finding that since plaintiff "has not offered any explanation for the inconsistent position in her application for social security benefits and workers compensation benefits, both of which claimed

disability, i.e., an inability to work . . . she cannot make out a prima facie case of age discrimination."); *Peden v. City of Detroit*, 470 Mich. 195, 680 N.W.2d 857, 872 (Mich. 2004) (granting summary judgment for the defendant on the PWDCRA claim where "Plaintiff's own counsel admitted to the trial court that plaintiff, because of his heart condition, cannot perform regular patrol functions.") I therefore suggest that Defendants' motion to dismiss the PWDCRA claim be granted.

Finally, I note that Plaintiff's argument regarding estoppel does not require a contrary result. Plaintiff argues that Defendants are estopped from claiming that Plaintiff cannot perform her job because Defendant (LICNA/CIGNA) denied STDs by finding that Plaintiff's condition does not preclude her from performing the essential functions of the job. Defendants note that Defendant Metaldyne did not make the decision denying benefits but did terminate Plaintiff. (Doc. 19 at ID 227-28.) Plaintiff does not provide any legal support for this conclusion. It is Plaintiff's admissions that matter when considering whether Plaintiff's claim is legally sufficient to survive a motion to dismiss, not Defendants' potentially inconsistent defenses. *See Malibu Media, LLC v. Sanchez*, No. 13-12168, 2014 WL 172301, at *3 (E.D. Mich. Jan. 15, 2014) (arguments about defenses "raise matters outside the complaint that may not be considered on a Rule 12(b)(6) motion to dismiss.")

For the above reasons, I suggest that Defendants' motion to dismiss be granted and that Plaintiff's claim under the Michigan PWDCRA should be dismissed.

## V.  <u>Review</u>

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  June 22, 2015                          S/ PATRICIA T. MORRIS
                                              Patricia T. Morris
                                              United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: June 22, 2015                          By s/Kristen Krawczyk
                                             Case Manager to Magistrate Judge Morris