UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KIMBERLY J. GUEST-MARCOTTE,

        Plaintiff,                                Case No. 15-cv-10738

v                                                     Honorable Thomas L. Ludington

LIFE INSURANCE COMPANY OF NORTH AMERICA,
METALDYNE SALARY CONTINUATION PLAN, and
METALDYNE POWERTRAIN COMPONENTS, INC.,

        Defendants.

_____/

## ORDER OVERRULING OBJECTION, ADOPTING REPORT AND RECOMMENDATION, AND GRANTING MOTION TO DISMISS

Plaintiff Kimberly Guest-Marcotte was employed with Metaldyne Powertrain Components for about eight years. After she was diagnosed with Ehlers-Danlos syndrome, Guest-Marcotte applied for short-term disability benefits with her employer's ERISA Plan administrator, Defendant Life Insurance Company of North America. Despite providing documentation from physicians that she "could not perform the material duties of her regular occupation," the Plan administrator denied her request for short-term disability benefits because Guest-Marcotte had not shown that "she is unable to perform all the substantial and material duties of his or her regular occupation . . . ." The day after the Plan administrator denied her appeal for short-term benefits, Metaldyne terminated her employment due to the "unknown nature of your ability to perform your job functions in the future," as evidenced by the documentation from physicians. In other words, the physician documents were not sufficient to show that Guest-Marcotte was disabled for purposes of short-term disability benefits, but were

sufficient for Metaldyne to terminate her employment because she was not capable of performing her job functions.

On February 27, 2015, Plaintiff Kimberly Guest-Marcotte filed suit against her former employer, Metaldyne Powertrain Co., and her former employer's ERISA Plan administrator, Life Insurance Co. of North America ("LICNA/CIGNA"). Guest-Marcotte claims that Defendant Metaldyne discriminated against her because she had a disability, even though she was able to perform her job duties. Guest-Marcotte also claims that Defendant LICNA/CIGNA improperly denied her request for long-term disability benefits because she was disabled from working.

On April 24, 2015, Defendants filed a motion to dismiss Guest-Marcotte's Persons with Disabilities Civil Rights Act ("PWDCRA") claim, asserting that, given her repeated and unequivocal statements that she was completely disabled for the purpose of receiving long-term benefits, she is estopped from now claiming that she could perform the duties of her job. Because Guest-Marcotte has provided no explanation for the apparent inconsistency between her PWDCRA and ERISA claims, her PWDCRA claim will be dismissed.

**I.**

Guest-Marcotte worked as a Senior Risk Analyst for Metaldyne from July 2005 until November 22, 2013. She alleges that she became unable to continue her normal workload in June 2013 due to her Ehlers-Danlos syndrome.[1] Guest-Marcotte applied for short-term benefits under Metaldyne's Salary Continuation Plan, which provides short-term benefits to an employee who:

> because of Injury or Sickness . . . is unable to perform all the substantial and material duties of his or her regular occupation, or solely due to Injury or

---

[1] According to the Ehlers-Danlos National Foundation website, "[i]ndividuals with Ehlers-Danlos syndromes (EDS) have a genetic defect in their connective tissue, the tissue that provides support to many body parts such as the skin, muscles and ligaments. The fragile skin and unstable joints found in patients with EDS are the result of faulty or reduced amounts of collagen." www.ednf.org/what-eds.

      Sickness, is unable to earn more than 80% of his or her Indexed Covered Earnings.

Compl. Ex. 3.

      In support of her application for short-term benefits, Guest-Marcotte relied on the testimony Doctors Kadaj and Tinkle. In a Healthcare Provider Questionnaire, Dr. Kadaj wrote that Guest-Marcotte's condition was expected to last a "lifetime," Ex. 2 at 1, that she was not able to perform the essential functions of her position with or without reasonable accommodations, that there were no accommodations that would enable her to perform her job duties, and that "[i]t is unlikely she will recover fully/sufficiently." *Id*. at 2-3.

      LICNA/CIGNA denied her short-term benefits claim in August 2013, apparently because she had not met the definition of "disabled".[2] In her appeal, Guest-Marcotte's attorney described the impairments: "[s]he could not sit, stand, or drive for any length of time. Her cognitive abilities were impaired, and she was in significant pain. She was constantly fatigued, and could not perform repetitive tasks such as typing or using a computer mouse," and that she "could not perform the material duties of her regular occupation . . . ." Ex. 2 at 9. Guest-Marcotte's appeal was denied in November 2013.

      On November 22, 2013, Metaldyne terminated Guest-Marcotte's employment based on Dr. Kadaj's letter "which indicated that you remained unable to perform the essential function of your position with or without a reasonable accommodation," and that she was "unlikely to recover fully/sufficiently to perform the functions of your position". Doc. 1, Ex. 8. Thus, as Guest-Marcotte accurately notes, her request for short-term benefits was denied because she was not disabled, yet Metaldyne terminated her employment because she was disabled.

---

[2] The denial letter did not explain why Guest-Marcotte's application was denied, but instead simply recited the Disability Policy.

On February 27, 2015, Guest-Marcotte filed suit against Defendants. Guest-Marcotte attached affidavits from both Dr. Kadaj and Dr. Tinkle, each of whom testified that he believed that Guest-Marcotte was disabled. *See* Tinkle Affidavit at ¶ 15 ("It was my professional opinion that Ms. Guest-Marcotte was disabled indefinitely from employment . . . ."); Kadaj Affidavit at ¶ 11 ("At the time Ms. Guest-Marcotte applied for Short Term Disability, it was my professional opinion that Ms. Guest-Marcotte was disabled from employment . . . .").

On April 24, 2015, Defendants filed a motion to dismiss Guest-Marcotte's PWDCRA claim, asserting that she was estopped from claiming that she could perform her job duties (as required to state a PWDCRA claim) because she had repeatedly alleged that she was disabled from performing her job duties when she applied for short-term benefits. On June 22, 2015, United States Magistrate Judge Patricia Morris issued a report recommending that Defendants' motion be granted: "I suggest that Defendants have pointed to sufficiently undermining statements and admissions by Plaintiff to preclude Plaintiff from proving her prima facie case under the PWDCRA." Rep. & Rec. 8. Guest-Marcotte filed a timely objection to the report on July 2, 2015.

**II.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). "Only those specific objections to the magistrate's report made to the district court will be preserved for appellate

review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585-86 (6th Cir. 2005)).

### III.

Guest-Marcotte filed one objection to the Magistrate's report: she claims that she has adequately pleaded a PWDCRA claim. She contends that it is Defendants who should be estopped from asserting inconsistent defenses (*i.e.*, that Guest-Marcotte was not disabled for the purpose of short-term benefits, but was so disabled that her employment had to be terminated).

To prevail on an employment discrimination claim under the PWDCRA, a "plaintiff must show (1) that he is [disabled] as defined in the act, (2) that the [disability] is unrelated to his ability to perform his job duties, and (3) that he has been discriminated against in one of the ways delineated in the statute." *Chmielewski v. Xermac, Inc.*, 580 N.W.2d 817, 821 (1998). In other words, Guest-Marcotte cannot prevail on her PWDCRA claim if her Ehlers-Danlos syndrome rendered her unable to perform the duties of Senior Risk Analyst.

Defendants claim that Guest-Marcotte is essentially estopped from claiming that her disability is unrelated to her ability to perform her job duties. They explain that Guest-Marcotte repeatedly applied for short-term disability benefits, claiming that that she was unable to perform the essential function of her job, Ex. 2 at 2, that there were no accommodations that would enable her to perform her job responsibilities, *id.*, and that "it is unlikely she will recover fully/sufficiently," *id.* at 3. Therefore, according to Defendants, Guest-Marcotte cannot now claim that she is completely disabled in order to obtain short-term disability benefits while simultaneously claiming that she is disabled but able to perform her job duties for purposes of her PWDCRA claim.

Generally, the Michigan courts have concluded that the pursuit and receipt of disability benefits does not automatically preclude or estop the recipient from pursuing a PWDCA claim. *Carpenter v. Snacktime Services, Inc.*, 2005 WL 763308, at *7-8 (Mich. Ct. App. Apr. 5. 2005) (plaintiff not estopped from pursuing PWDCA merely because a worker's compensation magistrate judge had determined that he was disabled). This is because claims for Social Security benefits and PWDCA claims have different definitions for the word "disabled". *See Tranker v. Figgie International, Inc.*, 585 N.W.2d 337, 339-40 (Mich. Ct. App. 1998) (declarations of disability in an SSDI do not necessarily bar a plaintiff from proving a claim of disability discrimination because in the social security definition of "disabled" does not take into account the possibility of accommodation); *Kiely v. Hearland Rehabilitation Services, Inc.*, 359 F.3d 386, 389-90 (6th Cir. 2004) (same).

However, when a plaintiff has represented that she was totally incapable of working at the time of the adverse employment decisions but does not explain how she could have been otherwise "qualified" for the position in question, courts have generally held that she cannot satisfy the elements of her PWDCA claim as a matter of law. *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 804 (1999) (a plaintiff alleging disability discrimination "cannot simply ignore the apparent contradiction that arises out of" an earlier claim that he is disabled); *Neview v. D.O.C. Optics Corp.*, 382 F. App'x 451, 459 (6th Cir. 2010) (concluding that plaintiff had failed to meet burden under ADA where "[i]n both her deposition and at her workers' compensation hearing, Neview testified that at the time of her termination she was totally incapable of working as a DOC store manager, or in any job whatsoever."); *Carpenter v. Snacktime Services, Inc.*, 2005 WL 763308, at *7-8 (Mich. Ct. App. Apr. 5. 2005) ("plaintiff is judicially estopped from pursuing her PWDCRA claim because of assertions she made during

her worker's compensation hearing. Specifically, plaintiff admitted that there was no accommodation that defendant could provide to allow her to perform her job.").

Here, Guest-Marcotte has made no attempt to reconcile or explain her inconsistent positions regarding her ability (or a lack of) to perform her job duties. Instead, Guest-Marcotte focuses on Defendants' inconsistent reactions to her claims: "Defendants have repeatedly found that [Guest-Marcotte's] condition does not preclude Plaintiff from performing her job, thus not believing Plaintiff's disability claims. Nonetheless, despite repeated statements in the denial of benefit claim letters from LICNA/CIGNA that Plaintiff could perform her job, her employer fired her in violation of the statute because she could no longer perform her job." Objs. 8. But, as Magistrate Judge Morris correctly concluded, "[i]t is Plaintiff's admissions that matter when considering whether Plaintiff's claim is legally sufficient to survive a motion to dismiss, not Defendants' potentially inconsistent defenses." Rep. & Rec. 9 (citing *Malibu Media, LLC v. Sanchez*, 2014 WL172301, at *3 (E.D. Mich. Jan. 15, 2014)).

Guest-Marcotte filed suit alleging two claims that are—at least facially—inconsistent: she claims that she was completely disabled for the purpose of obtaining short-term disability benefits, but that her disability did not affect her ability to perform her job duties for the purpose of her PWDCA claim. Although a plaintiff may allege these two claims, the plaintiff *must* provide some explanation—any explanation—that would reconcile the incongruity. Guest-Marcotte has not done so here, and therefore she has not sufficiently pleaded a claim for violation of the PWDCRA.

### IV.

Accordingly, it is **ORDERED** that Plaintiff Guest-Marcotte's Objection (ECF No. 22) is **OVERRULED**.

It is further **ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 20) is **ADOPTED**.

It is further **ORDERED** that Defendant's Motion to Dismiss (ECF No. 11) is **GRANTED**.

It is further **ORDERED** that Guest-Marcotte's PWDCRA claim is **DISMISSED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: August 5, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 5, 2015.

s/Karri Sandusky  
Karri Sandusky, Acting Case Manager