UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KIMBERLY J. GUEST-MARCOTTE,

        Plaintiff,                    Case No. 15-cv-10738

v                                        Honorable Thomas L. Ludington
                                        Magistrate Judge Patricia T. Morris

METALDYNE POWERTRAIN
COMPONENTS, Inc., et al.,

        Defendants.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE REPORT AND RECOMMENDATION, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND, DENYING PLAINTIFF'S PROCEDURAL CHALLENGE, AND CONFIRMING STANDARD OF REVIEW AS <u>ARBITRARY AND CAPRICIOUS</u>**

      Plaintiff Kimberly J. Guest-Marcotte initiated this case by filing her two-count complaint on February 27, 2015. Complaint, ECF No. 1. Plaintiff alleges that Defendants violated her rights under the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B) and (a)(2) ("ERISA") in denying her request for short term disability benefits, and her rights under Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA") in subsequently terminating her employment. After her state law claim was dismissed, Plaintiff filed a procedural challenge seeking discovery. ECF No. 27. When the subsequent briefing led to confusion about the applicable plan and related documents, Plaintiff filed a motion for leave to file an amended complaint. ECF No. 35.

      Magistrate Judge Patricia T. Morris issued her report and recommendation on February 17, 2016. ECF No. 40. The magistrate judge concluded that the appropriate standard of review was arbitrary and capricious. She also recommended granting in part and denying in part

Plaintiff's motion for leave to file an amended complaint, and denying Plaintiff's procedural challenge. Plaintiff timely filed objections to the magistrate judge's report and recommendation, which will now be overruled for the reasons stated below. ECF No. 41. The magistrate judge's report and recommendation will be adopted.

## I.

Plaintiff Kimberly J. Guest-Marcotte is an individual currently residing in Sanford, Michigan. Compl. ¶ 1. Defendant Metaldyne Powertrain Components, Inc. ("Metaldyne Powertrain") is a subsidiary of Metaldyne, LLC, with its principal place of business in Delaware. *Id.* ¶¶ 4, 17. In her complaint, Plaintiff Guest-Marcotte alleges that she was an employee of Defendant Metaldyne Powertrain and a participant in Defendant Metaldyne Salary Continuation Plan. Compl. ¶ 18. Plaintiff alleges that the Metaldyne Salary Continuation Plan is an employee welfare benefits plan under 29 U.S.C. § 1002(1), and therefore governed by ERISA. Compl. ¶ 19. Plaintiff further alleges that Defendant Life Insurance Company of North America, under the service mark CIGNA Group Insurance ("CIGNA") is the administrator and fiduciary of the Metaldyne Salary Continuation Plan. *Id.* ¶ 20.

### A.

After taking a disability leave of absence for a medical condition called Ehlers-Danlos syndrome[1] on June 6, 2013, Plaintiff applied for short-term disability benefits under the Metaldyne Salary Continuation Plan. Compl. ¶¶ 25-29. In her application Plaintiff attached documentation from her primary care physician, Dr. Phillip Kadaj, M.D., and from an Ehlers

---

[1] Ehlers-Danlos syndrome refers to "any one of a rare group of inherited (autosomal dominant or autosomal recessive) disorders of the connective tissue involving abnormal or deficient collagen, the protein that gives the body tissues strength." OXFORD CONCISE MEDICAL DICTIONARY (9th ed. 2015). It is often marked by elastic, yet fragile skin that bruises easily and scars poorly, as well as mobile joints prone to dislocation. *Id*.

Danlos syndrome specialist, Dr. Bradley Tinkle, stating that Plaintiff was indefinitely disabled from employment. Compl. ¶ 30; Compl. Exs. 10, 11.

CIGNA denied Plaintiff's request by a letter dated August 2, 2013. Compl. Ex. 1. In denying Plaintiff's claim, Plaintiff alleges that LICNA/CIGNA used an incorrect definition of "disability" under the plan. Specifically, while the plan summary states in relevant part that "[y]ou are considered Disabled if, solely because of Injury or Sickness you are: Unable to perform the material duties of your Regular Occupation; and Unable to earn 80% or more of your Covered Earnings from working in your Regular Occupation." Compl. Ex. 2 § 6. In contrast, the letter denying Plaintiff's request for benefits states that under her employer's plan, "An employee is *Totally* Disabled if, because of Injury or Sickness, he or she is unable to perform all the *substantial and* material duties of his or her regular occupation, or solely due to Injury or Sickness, is unable to earn more than 80% of his or her *Indexed* Covered Earnings." Compl. Ex. 1 (emphasis added).

After the denial, Plaintiff attempted to send supplementary medical documentation to support her claim. However, on August 4, 2013, August 20, 2013, and August 23, 2013 Defendant CIGNA reaffirmed its decision to deny Plaintiff's claim. *See* Compl. Exs. 4-6. Plaintiff then filed a second stage appeal with additional medical information on September 25, 2013. CIGNA denied her appeal in a letter dated November 21, 2013. *See* Compl. Ex. 7. In upholding its decision, CIGNA again referenced the "incorrect" definition of disability, and explained that "[t]here were no significant clinical findings identified to support a loss of function. The medical information on file reviewed does not demonstrate you would be unable to perform your job duties as a Senior Risk Analyst." *Id*.

While the plan administrator, Defendant CIGNA, did not find that Plaintiff was unable to perform her job duties, her employer, Defendant Metaldyne Powertrain, reached the opposite conclusion. On November 22, 2013, the day after Plaintiff's appeal was denied, Metaldyne Powertrain terminated Plaintiff's employment. Compl. Ex. 8. Metaldyne Powertrain explained that Plaintiff had been on leave since June 6, 2013, that her 12 week allotment of leave under the Family and Medical Leave Act had expired on August 28, 2013, and that she had been unable to return to work after the expiration of her FMLA leave. *Id*. Metaldyne Powertrain primarily relied on documentation from Doctor Kadaj, which indicated that Plaintiff remained unable to perform the essential functions of her position with or without a reasonable accommodation, and that Plaintiff was unlikely to recover sufficiently to perform the functions of her position. *Id*. In light of the denial of her appeal for short-term disability benefits, "the unknown nature of your ability to perform your job functions in the future, and the unknown timing of your ability to return to work, your employment with Metaldyne will end November 22, 2013." *Id*.

On July 30, 2014, Plaintiff timely filed her final internal appeal to CIGNA. Plaintiff again submitted medical documentation from both Dr. Kadaj and Dr. Tinkle. Compl. ¶¶ 47-50. CIGNA again denied Plaintiff's appeal on October 22, 2014, using the same definition of disability as it had previously. Compl. Ex. 12. The final denial explained that, "[w]hile we understand your client has Ehlers-Danlos syndrome, the clinical findings and test results do not document her physical impairments. There was no clinical evidence that would demonstrate a functional loss and inability to perform her sedentary occupation beginning 6/6/13." *Id*.

**B.**

Plaintiff filed suit on February 27, 2015, claiming that Defendants' violated her rights under ERISA 29 U.S.C. § 1132(a)(1)(B) and (a)(2) in denying her request for short term

disability benefits. Compl. ¶¶ 54-56. Plaintiff also alleged that Defendant Metaldyne Powertrain discriminated against her in violation of Michigan's PWDCRA, by terminating her employment. *See* Compl. ¶¶ 57-67. The matter was referred to Magistrate Judge Patricia T. Morris on April 1, 2015 for hearing and determination of any pretrial matters. ECF No. 9.

On April 24, 2015 all Defendants filed a motion to dismiss Plaintiff's claim under the PWDCRA. Mot. to Dismiss, ECF No. 11. Defendants alleged that, because Plaintiff admitted her disability was related to her ability to perform the duties of her job, Plaintiff could not establish a prima facie case under the PWDCRA. *Id*. Pursuant to that motion, the Court dismissed Plaintiff's PWDCRA claim on August 5, 2015. ECF No. 28.

**i.**

Also on April 5, 2015, Plaintiff filed a statement of procedural challenge. ECF No. 27. In her challenge, Plaintiff sought discovery outside the administrative record under *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008). Plaintiff alleged that there was a potential CIGNA acted with bias and conflict in denying her claim. In support of this allegation, Plaintiff argued that CIGNA had ignored substantial medical evidence in support of Plaintiff's claim, cherry picked medical evidence in support of its determination, and used the incorrect definition of "disability." ECF No. 27. Plaintiff therefore sought to discover information related to bias and conflict of interest. *Id*.

In response, Defendants argued that discovery outside the administrative record "both unnecessary and unauthorized" in a majority of cases. ECF No. 34. *See also Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609, 618 (6th Cir. 1998). Defendants noted the narrow exception to the general rule that discovery is not permitted: where discovery is necessary to resolve a procedural challenge that includes an alleged lack of due process afforded by the administrator or

alleged bias on the part of the administrator. *Id*. at 618. Defendants argued that this narrow exception did not apply because Plaintiff's conclusory allegations of bias were insufficient to obtain discovery without any actual evidence of bias. *See Bennetts v. AT & T Umbrella Plan* Case No. 12- 14640, *2 (E.D. Mich. Aug. 9, 2013).

On October 7, 2015 the magistrate judge issued an order requesting supplemental briefing as to the correct standard of review. ECF No. 30. In her supplemental brief, Plaintiff argued that a de novo standard of review should apply for two reasons: (1) Defendants had used a definition of "disability" that differed from the summary plan definition; and (2) Michigan law requires de novo review. In contrast, Defendants argued in their supplemental brief that the usual arbitrary and capricious standard should apply, since Metaldyne's short term disability plan granted the plan administrator, CIGNA, discretionary authority to interpret the plan terms. ECF No. 31. In support of their arguments, Defendants attached as exhibits (1) Metaldyne, LLC's Short Term Disability Income Plan, effective January 1, 2012 ("STDIP"), and (2) a summary plan description of Metaldyne, LLC's STDIP. ECF No. 31 Exs. 1-2.

In responding to Defendants, Plaintiff took issue with the two Metaldyne STDIP documents attached to Defendants' supplemental brief. ECF No. 34. Plaintiff argued that those plan documents had never been provided to her, despite the fact that she had requested "a copy of all plan documents related to her Short Term Disability Claim" in January of 2015, and that Defendants had only provided her with documents related to the Metaldyne Salary Continuation Plan. *Id*. Plaintiff alleged that Metaldyne Powertrain's failure to produce the documents related to Metaldyne's STDIP constituted a violation of ERISA § 104(b), which requires plan administrators to provide various documents to a requesting participant.

**ii.**

Thereafter, on November 20, 2015 Plaintiff filed a motion for leave to file a first amended complaint. ECF No. 35. In her motion Plaintiff seeks to eliminate her PWDCRA claim (which has already been dismissed by this Court), add five new exhibits, add Defendant Metaldyne STDIP to her first Count, and add a claim that Defendants violated 29 U.S.C. §§ 1132(c)(1) and 1024(b)(4) by failing to provide her with all required plan documents upon her request.

In their response, Defendants argue that the STDIP plan documents were mistakenly attached to their supplemental brief. ECF No. 36. They argue that in her January 22, 2015 requests for documents, Plaintiff addressed the requests only to Defendant Metaldyne Salary Continuation Plan and Defendant CIGNA, and that Defendant CIGNA then provided Plaintiff a copy of, among other things, the Metaldyne Salary Continuation Plan Summary Plan Description. Defendants further argue that Plaintiff herself attached a copy of the Metaldyne Salary Continuation Plan to her original complaint and named the Metaldyne Salary Continuation Plan as a defendant in this action. *Id.* Defendants also argue that, because the STDIP documents were created by CIGNA not Metaldyne Powertrain, they do not constitute summary plan descriptions. Finally, Defendants argue that in any event the Metaldyne Salary Continuation Plan supersedes that Metaldyne STDIP documents, making them irrelevant to Plaintiff's claims.

In their response Defendants conclude that Plaintiff's proposed claim that Defendants violated 29 U.S.C. §§ 1132(c)(1) and 1024(b)(4) by failing to provide her with all required plan documents would be futile because she received all relevant plan documents. Defendants also conclude that Plaintiff's claim would be moot because she eventually received the Metaldyne STDIP documents through Defendants' October 22, 2015 supplemental brief. Finally,

Defendants conclude that Plaintiff's proposed claim is futile with respect to any entity other than the Plan Administrator under *Caffey v. Unum Life Ins. Co.,* 302 F.3d 576, 584 (6th Cir. 2002), and that Metaldyne, LLC – not a party to this action – is the Plan Administrator of Metaldyne STDIP.

After receiving a reply and sur-reply from the parties, the magistrate judge issued her report and recommendation. ECF No. 40. The magistrate judge recommended that the standard of review should be "arbitrary and capricious". In so doing, the magistrate judge rejected Plaintiff's argument that the different definition of "disability" required a different standard of review. She also rejected Plaintiff's argument that Michigan law required de novo review, finding Michigan Administrative Code Rule 500.2201.-02 inapplicable because the plans at issue are self-funded and therefore preempted by ERISA. The magistrate judge concluded that Plaintiff's motion for leave to file a first amended complaint should be granted in part and denied in part, and that Plaintiff's request for discovery should be denied. *Id*. Plaintiff timely filed two objections to these recommendations. ECF No. 41. Having reviewed both of Plaintiff's objections de novo, the objections will be overruled, and the report and recommendation will be adopted.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act

solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* Plaintiff now objects to both of the magistrate judge's recommendations.

**A.**

Plaintiff first objects to the magistrate judge's conclusion that Plaintiff's motion to amend should be granted in part and denied in part. In her report the magistrate judge recommended granting Plaintiff's motion to amend to remove her dismissed PWDCRA claim and her proposed joinder of Defendant Metaldyne STDIP to her first Claim. ECF No. 40. However, the magistrate judge recommended denying Plaintiff's motion to amend to the extent she sought to add a claim

that Defendants violated 29 U.S.C. §§ 1132(c)(1) and 1024(b)(4) by failing to provide her with all required plan documents upon her request. In reaching this conclusion, the magistrate judge accepted Defendants' argument that the proposed amendment was futile with regard to any entity other than the plan administrator under *Caffey,* 302 F.3d 576, at 584. The magistrate judge concluded that because non-party Metaldyne, LLC was the plan administrator of Metaldyne STDIP, the proposed claim would be futile as to all Defendants in this action.

**i.**

Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (internal citations and quotations omitted). Factors that courts should consider when determining whether to grant leave to amend include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment…." *Hageman v. Signal L.P. Gas, Inc.,* 486 F.2d 479, 484 (6th Cir. 1973). "Decisions as to when justice requires amendment are left to the sound discretion of the trial judge[.]" *Robinson v. Michigan Consol. Gas Co. Inc.,* 918 F.2d 579, 591 (6th Cir. 1990).

The magistrate judge determined that Plaintiff's proposed claim under 29 U.S.C. 1132(c)(1) would be futile. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010) (internal citation and quotation marks omitted). A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery

under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert*, 517 F.3d at 439. The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 570).

### ii.

Plaintiff does not raise any specific objections to the magistrate judge's determination that Plaintiff's proposed claim would be futile as to any entity other than the plan administrator. Instead, despite conceding that Metaldyne LLC is the plan administrator, Plaintiff argues generally that "the discussion by the Magistrate insufficiently addresses the prejudicial effect" of Defendants' conduct. Plaintiff essentially argues that because she did not pursue her benefits claims under Metaldyne's STDIP, and because that decision was not brought to her attention until Defendant inadvertently attached the Metaldyne STDIP documents to its supplemental brief, this Court should ignore Sixth Circuit precedent that "only plan administrators are liable for statutory penalties under § 1132(c)." *Caffey*, 302 F.3d at 584. Plaintiff's objection is not persuasive and will be overruled.[2]

### B.

---

[2] Plaintiff's request for permission to amend her complaint to add a claim against the plan administrator, Metaldyne LLC will not be addressed. As explained in this Court's policies and procedures, "under no circumstances may a motion be included within the text or footnotes of another motion."

Plaintiff next objects to the magistrate judge's conclusion that Plaintiff has not stated a colorable procedural challenge. The magistrate judge determined that discovery was unavailable in this case because the law generally disallows discovery in actions for benefits under ERISA, and because Plaintiff's procedural challenge consisted only of substantive challenges to the benefit denial and conclusory allegations of bias. The magistrate judge specifically rejected Plaintiff's claim that a *per se* conflict of interest existed because "an insurance company that is retained to review disability claims has an incentive to find no disability in order to save money for the employer and to preserve their own contractual arrangement with the employer." The magistrate judge found this allegation to be conclusory, unsupported by any factual allegations, and therefore insufficient to warrant discovery.

Plaintiff does not make any specific objection to the report and recommendation. Instead, Plaintiff merely restates arguments previously presented to and rejected by the magistrate judge, and expresses general disagreement with the magistrate judge's determination. This objection is therefore improper and will be overruled. *See VanDiver*, 304 F.Supp.2d at 937; *Howard*, 932 F.2d at 509.

### III.

Accordingly, it is **ORDERED** that Plaintiff Guest-Marcotte's objections, ECF No. 41, are **OVERRULED**.

It is further **ORDERED** that the report and recommendation, ECF No. 40, is **ADOPTED**.

It is further **ORDERED** that the standard of review is **ARBITRARY AND CAPRICIOUS**.

It is further **ORDERED** that Plaintiff Guest-Marcotte's procedural challenge, ECF No. 27, is **DENIED**.

It is further **ORDERED** that Plaintiff Guest-Marcotte's motion for leave to file a first amended complaint, ECF No. 35, is **GRANTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that Plaintiff Guest-Marcotte is **GRANTED LEAVE** to add Defendant Short Term Disability Income Plan of Metaldyne, LLC, as a Defendant, to attach any new exhibits related to the amended Count I, and to remove Count II.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 15, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 15, 2016.

s/Michael A. Sian  
MICHAEL A. SIAN, Case Manager