UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KIMBERLY J. GUEST-MARCOTTE,

                    Plaintiff,                    Case No. 15-cv-10738

v                                        Honorable Thomas L. Ludington
                                        Magistrate Judge Patricia T. Morris

METALDYNE POWERTRAIN
COMPONENTS, Inc., et al.,

                    Defendants.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE REPORT
AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR JUDGMENT,
GRANTING DEFENDANT'S MOTION FOR DISMISSAL AND JUDGMENT,
GRANTING PLAINTIFF'S MOTION TO REVIEW RELEVANT CASE, AND
DIRECTING DEFENDANT TO SUBMIT PROPOSED JUDGMENT**

      Plaintiff Kimberly J. Guest-Marcotte initiated this case by filing her two-count complaint

on February 27, 2015.  Complaint, ECF No. 1. Plaintiff alleges that Defendants violated her

rights under the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B) and

(a)(2) ("ERISA") in denying her request for short term disability benefits, and her rights under

Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA") in subsequently terminating

her employment. After her state law claim was dismissed, Plaintiff filed a procedural challenge

seeking discovery and a motion for leave to file an amended complaint. ECF Nos. 27, 35.  On

February 17, 2016 Magistrate Judge Patricia T. Morris issued a report and recommendation

concluding that the appropriate standard of review was arbitrary and capricious. ECF No. 40.

She also recommended granting in part and denying in part Plaintiff's motion for leave to file an

amended complaint, and denying Plaintiff's procedural challenge.  By an order dated March 15,

2016 Plaintiff's objections were overruled, and the magistrate judge's report and recommendation was adopted. ECF No. 42.

Plaintiff filed her amended complaint on April 19, 2016. *See* ECF No. 44. After the administrative record was filed by Defendants, Plaintiff Guest-Marcotte filed a motion for judgment and Defendants filed a motion to dismiss the case and for judgment on its counterclaim. *See* ECF No. 54, 55. Following the completion of briefing, Plaintiff then filed a motion requesting that the Court consider a recent and relevant Sixth Circuit case. *See* ECF No. 60. On December 1, 2016 the magistrate judge issued her report, recommending that Plaintiff's motion for consideration be granted, but that her motion for judgment be denied. *See* ECF No. 63. The report also recommends granting Defendant's motion for judgment and dismissing Plaintiff's complaint with prejudice. Plaintiff timely objected. *See* ECF No. 64.

## I.

The Magistrate Judge summarized the relevant background of this case in her February report and recommendation. For this reason, and because neither party has objected to this summary, it is adopted in full.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*,

656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E. D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

Plaintiff now raises three objections to the magistrate judge's report and recommendation: (1) the Plan/LICNA erred in using the wrong disability standard; (2) Plaintiff presented sufficient medical evidence to establish she was disabled under the plan; and (3) the Plan/LICNA erred in declining to request a physical examination of Plaintiff. *See* ECF No. 64. The objections raised by Plaintiff are not proper objections in that they are general, restate the core arguments previously raised and already addressed by the magistrate, and amount to nothing more than disagreement with the magistrate judge's conclusions.  Because Plaintiff's objections impermissibly attempt to reargue the entire case, they will be overruled.

**III.**

Accordingly, it is **ORDERED** that Plaintiff Guest-Marcotte's objections, ECF No. 64, are **OVERRULED**.

It is further **ORDERED** that the report and recommendation, ECF No. 63, is **ADOPTED**.

It is further **ORDERED** that Plaintiff Guest Marcotte's motion for judgment, ECF No. 54, is **DENIED.**

It is further **ORDERED** that Defendants' motion for dismissal and judgment, ECF No. 55, is **GRANTED.**

It is further **ORDERED** that Plaintiff Guest-Marcotte's motion for consideration of recent Sixth Circuit Precedent, ECF No. 60, is **GRANTED**.

It is further **ORDERED** that Defendant is **DIRECTED** to submit a proposed judgment in compliance with Eastern District of Michigan Local Rule 58.1(c).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 6, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 6, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager

---