UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KIMBERLY J. GUEST-MARCOTTE,

            Plaintiff,                         Case No. 15-cv-10738

v                                                  Honorable Thomas L. Ludington
                                                  Magistrate Judge Patricia T. Morris

METALDYNE POWERTRAIN
COMPONENTS, Inc., et al.,

            Defendants.

_____/

## ORDER DENYING MOTION FOR ATTORNEYS' FEES

Plaintiff Kimberly J. Guest-Marcotte initiated this case by filing her two-count complaint on February 27, 2015, alleging that Defendants violated her rights under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) and (a)(2), in denying her request for short term disability benefits. She further alleges that Defendants violated her rights under Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA") in subsequently terminating her employment. *See* Compl. ECF No. 1. Plaintiff filed an amended complaint on April 19, 2016. *See* Am. Compl., ECF No. 44.

On December 1, 2016 the magistrate judge issued a report, recommending that Plaintiff's motion for judgment be denied and that Defendant's motion for judgment be granted. *See* ECF No. 63. The magistrate judge reasoned that Plaintiff had not demonstrated that the Plan Administrator's decision to deny her benefits was in error under the arbitrary and capricious standard, particularly given the lack of objective medical evidence. The magistrate judge further reasoned that Defendant Metaldyne's subsequent decision to terminate Plaintiff's employment was not inconsistent with the plan administrator's disability determination. The magistrate judge

therefore recommended that Plaintiff's complaint be dismissed with prejudice. By an order dated January 6, 2017, Plaintiff's objections were overruled and the magistrate judge's report was adopted. *See* ECF No. 67. Judgment then entered against Plaintiff on February 2, 2017. *See* ECF No. 73.

**I.**

After the entry of judgment, on March 2, 2017, Defendants filed a joint motion for attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1). *See* ECF No. 74. That section provides that in an ERISA action "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." *Id*. This rule serves as a slight abrogation from the presumptive "American Rule," under which "each litigant pays his or her own attorney's fees, win or lose, unless a statute or contract provides otherwise." *See Hardt v. Reliance Standard Life Ins. Co*., 560 U.S. 242, 253 (2010) (citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 683 (1983)). To justify an award of fees under § 1132(g)(1), a party must show "some degree of success on the merits." *Id*. at 255. "A claimant does not satisfy that requirement by achieving 'trivial success on the merits' or a 'purely procedural victor[y].'" *Id*. (quoting *Ruckelshaus*, 463 U.S. at 688).

In guiding the exercise of its discretion, a district court may consider the traditional "King" five-factor fee-shifting test, but consideration of the factors is not required. *Id*. at 254-55. Nevertheless, the King factors are as follows:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*See First Trust Corp. v. Bryant,* 410 F.3d 842 (6th Cir. 2005).

Defendants have not demonstrated that discretionary fees are justified in this matter. While Defendants indisputably achieved success on the merits, they have not demonstrated that Plaintiff acted in bad faith, or that other persons should be deterred from bringing similar claims. While Plaintiff's claim was brought only on her own behalf, the case presented somewhat unusual factual and legal issues regarding the interaction between benefits determinations and employment actions. Defendants also have not demonstrated any inability to bear their own fees, and requiring Plaintiff to bear Defendant's costs would result in an onerous financial burden. Defendants have not identified any other factor weighing in favor of a discretionary award of fees. Because the balance of factors weighs against an award of fees, Defendants' motion will be denied.

**II.**

Accordingly it is **ORDERED** that Defendant's motion for Attorneys' fees, ECF No. 74, is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 2, 2017

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 2, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager