UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KIMBERLY J. GUEST-MARCOTTE,

                Plaintiff,                     Case No. 15-cv-10738

v                                                    Honorable Thomas L. Ludington
                                                    Magistrate Judge Patricia T. Morris
LIFE INSURANCE COMPANY OF
NORTH AMERICA, et al.,

                Defendants.
_____/

## **ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD**

Plaintiff Kimberly J. Guest-Marcotte filed her complaint on February 27, 2015 asserting a claim for short term disability ("STD") benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), as well as a claim for disability discrimination under the Michigan Persons with Disability Civil Rights Act (PWDCRA), MCL 37.1101, et seq., against her former employer, Metaldyne Powertrain Co., and her former employer's ERISA Plan administrator, Life Insurance Co. of North America ("LINA"). ECF No. 1.

On April 1, 2015, all pretrial matters were referred to Magistrate Judge Morris. ECF No. 9. Defendants filed a motion to dismiss, an answer, and a counterclaim on April 24, 2015. ECF Nos. 11, 12. Plaintiff then filed an answer to Defendants' counterclaim on May 13, 2015. ECF No. 17. On June 22, 2015, Magistrate Judge Morris issued a report recommending that the Court grant Defendants' motion to dismiss, to which Plaintiff filed objections on July 2, 2015. ECF No. 20, 21. The court ultimately issued an order overruling Plaintiff's objections, adopting the Magistrate Judge's report, and dismissing Plaintiff's PWDCRA claim. ECF No. 28.

Following supplemental briefing, Plaintiff filed a motion for leave to file a first amended complaint on November 20, 2015. ECF No. 35. The Magistrate Judge issued a report, ECF No. 40, which the Court adopted, granting Plaintiff's motion to amend in part and confirming the standard of review as arbitrary and capricious. ECF No. 42. Plaintiff then filed an amended complaint on April 19, 2016. ECF No. 44. After filing of the administrative record and pertinent plan documents (ECF Nos. 49, 50), Plaintiff moved for judgment on August 5, 2016. ECF No. 54. Defendants moved for dismissal of Plaintiff's case and judgment on the counterclaim. ECF No. 55.

On December 1, 2016, Magistrate Judge Morris issued a report recommending that the court deny Plaintiff's motion and grant Defendants' motion, noting that "[t]ime and again, this Circuit has held that "it is entirely reasonable for an insurer to request objective evidence of a claimant's functional capacity.'" Rep. & Rec. at 25, ECF No. 63 (quoting *Rose v. Hartford Financial Services Group, Inc.*, 268 F. App'x 444, 453 (6th Cir. 2008)).

On January 6, 2017, the Magistrate Judge's report was adopted, and Plaintiff's claims were dismissed with prejudice. ECF No. 67. Plaintiff timely appealed the decision. ECF No. 75. The Court of Appeals for the Sixth Circuit issued its opinion on March 30, 2018, reversing the dismissal of Plaintiff's claims and remanding the matter for a full and fair review of Plaintiff's condition and her application for STD benefits. ECF No. 81. Judgment was entered in favor of Plaintiff on April 27, 2018. ECF No. 84.

On May 21, 2018, Plaintiff filed a motion for attorney fees and costs. ECF No. 85. On July 17, 2018, the Court entered an order denying the motion for attorney fees and costs. ECF No. 88. Although the Court agreed that Plaintiff had achieved "some degree of success on the merits" (the

threshold finding required to award fees[1]), the Court found that, on balance, the *King*[2] factors did not weigh in favor of a fee award. On August 16, 2018, Plaintiff appealed the order denying her motion for fees. ECF No. 89. On November 9, 2018, Plaintiff filed the instant motion to supplement the administrative record on appeal. ECF No. 91. Plaintiff had initially filed the instant motion before the Sixth Circuit. The Sixth Circuit clerk instructed her to file the motion in the District Court. ECF No. 91-4. Plaintiff seeks to supplement the administrative record on appeal to include Defendant LINA's October 11, 2018 decision letter notifying Plaintiff that it had reversed its prior adverse decision against Plaintiff and is awarding her benefits under the plan. ECF No. 91-2.

## I.

Supplementation of the record on appeal is permitted only in special circumstances in the interest of justice. The burden to justify supplementation is upon the party seeking to supplement the record. *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003). Supplementation is not permitted where the evidence: (1) does not establish beyond doubt the proper disposition of the case or the resolution of the pending issues; (2) is not material to the court's legal analysis; or (3) is an attempt to add new material that was never considered by the District Court but could have been. *Id.* at 1012-1013.

---

[1] *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 243 (2010).
[2] *King* directs courts to consider whether the following factors justify a fee award: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *See Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985)

**II.**

The motion will be denied. The decision letter provides as follows:

> This letter is in reference to your client's appeal for Short Term Disability (STD) benefits under the plan number SHD0962025. Life Insurance Company of North America administers the claim on behalf of Metaldyne LLC's self-insured plan. Based on the independent review of the adverse claim determination, including information submitted in support of the appeal, a determination has been made that the prior decision should be overturned. This means that your client is entitled to benefits payable under the above plan so long as she continues to meet the terms and conditions of the plan. Your client's claim is being referred to the following claim management team for processing and payment of any due benefits. You should hear from a representative of this team within 10 days.

ECF No. 91-2.

This letter provides no information about the reasoning behind the decision. It simply states that LINA decided to overturn the decision and award Plaintiff benefits. With respect to the standard governing an award of attorney fees, the only conceivable relevance the award letter has is that it establishes that Plaintiff succeeded on the merits of her claim. However, the Court already found in her favor on that issue in the order denying the motion for attorney fees. Indeed, it was undisputed that Plaintiff succeeded on the merits.

Plaintiff's own brief illustrates why her motion is without merit: "When Plaintiff was finally awarded her disability benefits, she transitioned from a party who had 'some success on the merits,' to a 'prevailing plaintiff.' *Although this change in her ERISA status did not change her eligibility for attorney fees under ERISA*, it established the very relief that she had been seeking – her ERISA benefits." Mot. at 6, ECF No. 91 (emphasis added). If the change in her ERISA status did not change her eligibility for attorney fees, then the change in her ERISA status is not material to the analysis on appeal. *See Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012.

Moreover, because the document was not before the Court's consideration in denying the motion for fees, the document is not relevant to the issue of whether the Court abused its discretion in denying fees.

**III.**

Accordingly, it is **ORDERED** that the motion to supplement the record, ECF No. 91, is **DENIED**.

Dated: December 11, 2018                                  s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge